USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _10/24/17_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JAMAL ADEGHE,                                                 :
                                    Plaintiff,        :
                                                              :  16 Civ. 2235 (LGS)
               -against-                                 :
                                                              :  **OPINION AND ORDER**
JANSSEN PHARMACEUTICALS, INC.,                                :
                                   Defendant.        :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Jamal Adeghe brings this products liability action under New York law based on his ingestion of Risperdal, a medication manufactured by Defendant Janssen Pharmaceuticals Inc. Summary judgment was previously granted in part and denied in part in an Opinion and Order dated August 30, 2017 (the "Opinion"), *Adeghe v. Janssen Pharm., Inc.*, No. 16 Civ. 2235, 2017 WL 3741310 (S.D.N.Y. Aug. 30, 2017). The parties cross-move for reconsideration. For the following reasons, the parties' motions are denied.

      Familiarity with the Opinion, the underlying facts and procedural history is assumed.

## I. LEGAL STANDARD

      "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under

new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a), rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

## II. DISCUSSION

As explained below, the parties' motions are denied. However, because Defendant raises serious issues not appropriate on a motion for reconsideration, the trial is adjourned *sine die* and the parties shall have the opportunity to brief these issues in full.

### A. Plaintiff's Motion

Plaintiff seeks reconsideration of the Court's decision to grant summary judgment on his failure to warn claim. First, Plaintiff argues that he is entitled to a "heeding presumption" that "a user would have heeded warnings if they had been provided, and that the injury would not have occurred." Plaintiff already made this argument in his opposition to summary judgment, and the argument was rejected. As explained in the Opinion, "[i]t remains plaintiff's burden to prove that defendant's failure to warn was a proximate cause of his injury . . . and this burden includes adducing proof that the user of a product would have read and heeded a warning had one been given." The Court found that based on the record before it, "no reasonable jury could conclude that any failure to warn caused Plaintiff's injuries."

Second, Plaintiff argues that there is evidence "suggesting that a physician balancing the risks of Risperdal-induced gynecomastia against the benefits of Risperdal would conclude that Risperdal should not have been prescribed to Plaintiff." To support this argument, Plaintiff cites expert testimony that Risperdal carries a greater risk of gynecomastia than other antipsychotic

2

drugs, and that physicians generally consider such risks when determining which drugs to prescribe. Plaintiff has already made this argument, and the argument was rejected. Plaintiff cites no new evidence that was unavailable to him in opposing summary judgment, and instead engages in mere speculation as to how a physician might have acted with enhanced warnings. There is no reason to reconsider this argument.

Third, Plaintiff suggests that prior to the adoption of the stronger warning in 2006, the medical community was not adequately aware of the extent of the risk associated with Risperdal. As explained in the Opinion, the Court made no determination as to whether "there is a factual dispute as to the adequacy of the label" and dismissed the failure to warn claim without reaching the issue. Consequently, evidence that the label was inadequate prior to 2006 is irrelevant to the Court's decision.

### B. Defendant's Motion

Defendant's motion for summary judgment specifically addressed three of Plaintiff's claims: breach of implied warranty, breach of express warranty and failure to warn. Summary judgment was denied on the first claim and granted on the latter two claims. Defendant inexplicably made no particularized arguments as to Plaintiff's other claims -- negligence, strict products liability, manufacturing defect, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, fraud and deceit and violation of New York General Business Law §§ 349 & 350. Instead, Defendant moved to preclude Plaintiff's causation expert Dr. Bercu from testifying and argued that because Plaintiff lacked admissible expert testimony to support his allegation that Risperdal caused his gynecomastia, Defendant was entitled to summary judgment on all claims. The Court rejected this argument and found Dr. Bercu's testimony admissible under Federal Rule of Evidence 702.

Now on a motion for reconsideration, Defendant raises new arguments to support summary judgment on the claims it had neglected to specifically address in its initial briefing.[1] These arguments are inappropriate on a motion for reconsideration as they "present[] the case under new theories." *Analytical Surveys*, 684 F.3d at 52. Raising them now is an improper attempt to "secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple." *Id.* (internal quotation marks omitted). These arguments need not be considered on this motion.

Defendant's new arguments, however, present serious issues. First, Defendant points out that Plaintiff's claims sounding in fraud and misrepresentation contain causation and reliance elements. Considering the lack of evidence that inadequate labeling caused Plaintiff's physicians to prescribe Risperdal as they did, these claims may not survive summary judgment. Second, Defendant argues that Plaintiff fails to establish a case for any claims supported by a design defect theory, and that any design defect claim is preempted by federal law. Although these issues are not properly raised on a motion for reconsideration, in the interest of judicial economy, they must be given full consideration before trial. The trial is adjourned *sine die* and the parties shall have the opportunity to brief these issues in full.

## III. CONCLUSION

For the foregoing reasons, the parties' motions for reconsideration are DENIED. The upcoming trial and all pretrial dates are adjourned *sine die*. Defendant shall file a new motion for summary judgment by November 8, 2017, and Plaintiff shall file his opposition by November 22, 2017. The briefs shall not exceed 20 pages and shall not include a section reiterating the

---

[1] Defendant also raises a new argument for summary judgment on Plaintiff's breach of implied warranty claim. In its motion papers, Defendant argued that the claim failed because Plaintiff presented no competent evidence of causation. This argument was rejected when Dr. Bercu's testimony was ruled admissible.

4

facts or procedural posture of the case. Defendant may file a reply not exceeding 8 pages by December 1, 2017.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 79 and 82.

Dated: October 24, 2017
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**